# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIAMOND ERICA PACE, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br><br>           v.<br><br>KEOLIS TRANSIT AMERICA, INC.; and DOES 1 through 20, inclusive,<br>    Defendants. | 5:25-cv-02330-DSF-E<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 12) |

     Plaintiff Diamond Erica Pace moves to remand this action to the San Bernardino County Superior Court. Dkt. 12-1 (Mot.). Defendant Keolis Transit America, Inc. (Keolis) opposes. Dkt. 15 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is DENIED.

## I. Procedural History

     On January 18, 2024, Pace filed this putative class action in San Bernardino County Superior Court alleging violations of California wage and hour laws. Dkt. 1-2 (Compl.) ¶ 3. On June 27, 2024, Pace filed the operative First Amended Complaint, adding a ninth cause of action under the Private Attorneys General Act (PAGA). Dkt. 1-7 (FAC) ¶ 5. Keolis removed this case to federal court on September 8, 2025 based on subject matter jurisdiction pursuant to the Class Action

Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).  Dkt. 1 (Notice of Removal) at 1.  On October 7, 2025, Pace moved for remand asserting that Keolis' notice of removal was untimely.  Mot. at 1-2.

On November 8, 2024, Pace's counsel sent Keolis the PAGA notice she had previously sent to the California Labor & Workforce Development Agency.  Dkt. 12-4 (PAGA Letter).[1]  The PAGA Letter identifies Labor Code violations but does not state an amount in controversy.  Id. at 5-3.  On November 8, 2024, Pace's counsel emailed counsel for Keolis asking for the size of the putative class, and counsel for Keolis responded, "I don't know yet."  Dkt. 12-3 (Class Size Email) at 5.  On January 6, 2025, in the same email exchange, counsel for Keolis sent a list of 1,707 employee ID numbers.  Class Size Email at 3.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . ."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper."  Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  CAFA gives federal courts jurisdiction over class actions involving at least 100 class members where there is minimal diversity and at least $5 million in controversy.  28 U.S.C. § 1332(d).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into

---

[1] Before bringing a PAGA claim, the employee must provide written notice to the Labor and Workforce Development Agency and the employer, including the specific California Labor Code provisions allegedly violated and "facts and theories to support the alleged violation." Alcantar v. Hobart Serv., 800 F.3d 1047, 1056 (9th Cir. 2015) (citing Cal. Lab. Code § 2699.3(a)(1)).

2

federal court . . . [and] intended CAFA to be interpreted expansively." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).

The removal statute, 28 U.S.C. § 1446(b), provides "two different potential 30-day removal deadlines." Franklin, et al. v. Healthsource Glob. Staffing, Inc., No. 23-cv-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first, under § 1446(b)(1), is triggered by the "defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 690-91 (9th Cir. 2005). If the initial pleading is not removable on its face, a second 30-day period under § 1446(b)(3) may begin when "the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." Id. at 694 (quoting 28 U.S.C. § 1446(b)(3)). For "an amended pleading, motion, order or other paper" under § 1446(b)(3), such paper must "make[] a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021). "As long as the complaint or an amended pleading, motion, order or other paper does not reveal that the case is removable, a defendant, in effect, may remove at any time." Kenny v. Wal-Mart Stores, Inc., 881 F.3d 786, 791 (9th Cir. 2018) (cleaned up).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through [the defendant's] subjective knowledge or a duty to make further inquiry." Harris, 425 F.3d at 694. "[T]he [removal] statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013). But "defendants need not make extrapolations or engage in guesswork" to determine if a case is removable, nor are they "obligated to supply information which [the plaintiff] ha[s] omitted." Id.

3

### III. Discussion

#### A.  Local Rules Violations

In opposition to the instant motion, Keolis argues Pace's motion to remand must be denied because it is procedurally defective in two ways.  Opp'n at 2.  First, Keolis asserts Pace's motion to remand was untimely under Local Rule 6-1, which requires filing no later than 28 days before the date set for hearing.  Id. at 4.  Pace filed her motion to remand 27 days before the originally scheduled hearing date of November 3, 2025.  See Dkt. 12 (Not. of Mot.).  Second, Keolis contends Pace violated Local Rule 7-3 because she did not timely meet and confer at least seven days before filing the instant motion.

The Court will consider the motion as it has a continuing obligation to evaluate jurisdiction.  Pace is admonished to comply with the Local Rules in the future and is warned that failure to do so may result in sanctions.[2]

#### B.  Timeliness of the Notice of Removal[3]

Pace argues that Keolis' notice of removal was untimely because it was filed after a 30-day removal deadline triggered by any one of the

---

[2] The Court also notes Pace's counsel has entirely omitted citations to authority—even quoted authority—in the Argument section of the Reply.  See Dkt. 18 (Reply).  This Court's Standing Order requires citations to authority that identify the case cited and specific page reference.  Dkt. 9 at 4.  The Court orders Pace's counsel to familiarize themselves with the Local Rules, the Court's rules, and lawyering best practices.  Future violations may result in the Court striking the motion or imposing sanctions and will impact the Court's evaluation as to whether counsel are adequate to serve as class counsel in this case.

[3] In her motion to remand, Pace challenges only the timeliness of Keolis' notice of removal, not the basis for removal.  See Mot.  Nevertheless, Keolis has plausibly alleged this Court has subject matter jurisdiction.  See Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021) ("[A] notice of removal need . . . only [contain] plausible allegations of the jurisdictional elements.").  In its Notice of Removal, Keolis added estimated

4

following: (1) the initial complaint, (2) the operative FAC, (3) the PAGA Letter, (4) the Class Size Email exchanges on November 8, 2024 and January 6, 2025.  Mot. at 5-7.  In opposition, Keolis argues none of the documents cited by Pace triggered the 30-day removal deadline.  Opp'n at 5-7.

### 1.     Initial Pleading Under § 1446(b)(1)

In her motion, Pace states "[Keolis] clearly failed to remove within the 30-day period mandated by Section 1446(b)(1) following the filing of the operative complaint."  Mot. at 5.[4]  Pace does not identify any information on the face of the initial pleading made removability ascertainable, rather she appears to argue the complaint itself was sufficient to start the removal clock.  See id.[5]

The Court finds the Complaint does not reveal on its face that the action is removable.  As an initial matter, service of the complaint does not on its own start the removal clock; it must affirmatively reveal the basis for removal.  See Harris, 425 F.3d at 690-91.  The Complaint does not specify the amount of damages or wages, nor does it contain estimates of class size.  See Compl.  The only specific figures alleged in the complaint are: (1) an estimate of the class size of more than 50

---

damages, penalties, premiums, and fees to reach an amount in controversy of $23,797,315, exceeding the $5,000,000 jurisdictional requirement.  Dkt. 1 (Notice of Removal) at 21-22.  Keolis alleges Pace is a citizen of California while Keolis is a citizen of either Delaware or Massachusetts, satisfying diversity of citizenship.  Id. at 8-9.

[4] It appears Pace refers to the initial complaint filed on January 18, 2024, rather than the operative FAC.  Amended pleadings trigger the deadline under § 1446(b)(3), not § 1446(b)(1).  See 28 U.S.C. § 1446(b).  The Court considers the operative FAC and § 1446(b)(3) below.

[5] Throughout Pace's motion, she makes little to no attempt to point the Court to specific information contained within complaints or other papers that put Keolis on notice of removability.  "Judges are not like pigs, hunting for truffles buried in [the record]."  United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam).

individuals and (2) a request for civil penalties not exceeding $4,000 per employee. Id. ¶¶ 25, 84. Even if Keolis had multiplied these numbers to calculate civil penalties of up to $200,000, it would not have met the amount in controversy of $5 million necessary for federal jurisdiction under CAFA. See Kuxhausen, 707 F.3d at 1140 (finding "multiplying figures clearly stated in a complaint" is within the defendant's duty to ascertain removability). Therefore, Keolis was not required to remove this action within 30 days of receiving the initial complaint under § 1446(b)(1).

### 2. First Amended Complaint and Other Papers Under § 1446(b)(3)

#### a. First Amended Complaint

Pace asserts that the FAC, filed on June 12, 2024, triggered the 30-day removal deadline under § 1446(b)(3). Mot. at 5. Pace has not directed the Court to any additional information in the FAC sufficient to show the case was removable, and the Court can find none. See Mot. at 5. While Pace added a cause of action under PAGA seeking civil penalties, the FAC is missing crucial figures—like pay periods, work weeks, and damages—from which the amount in controversy could be determined. See FAC ¶¶ 102-09. The addition of a cause of action under PAGA did not make removability "unequivocally clear and certain." Dietrich, 14 F.3d at 1091. The Court finds Pace's FAC did not obligate Keolis to remove within 30-days under § 1446(b)(3).

#### b. PAGA Letter

Pace argues the copy of the PAGA Letter, which Pace sent to Keolis through counsel on November 8, 2024, put Keolis on notice that the case was removable. Mot. at 7. Pace does not point to any specific information in the letter from which Keolis could have ascertained removability. See id. The Court does not find any damages, class size estimates, wage rates, or other information in the PAGA Letter that would have allowed Keolis to calculate the amount in controversy. See PAGA Letter at 5-7. Pace merely summarizes previous allegations and claims, attaching the complaint. See PAGA Letter at 5-28. Therefore,

the PAGA Letter did not trigger the 30-day deadline for removal under 28 U.S.C. § 1446(b)(3).

        c.      <u>Class Size Email</u>

Finally, Pace contends two exchanges within the Class Size Email were "other papers" triggering a 30-day removal deadline. Mot. at 6-7. First, she cites the November 8, 2024 exchange in which Pace's counsel asked Keolis' counsel to provide the size of the putative class. <u>Id.</u>; Class Size Email at 5. This correspondence seems to be the opposite of notice, as Pace acknowledged she did not have basic information needed to calculate the amount in controversy. The November 8, 2024 email exchange is therefore woefully insufficient to start the § 1446(b)(3) removal clock.

Next, Pace points to the parties' exchange on January 6, 2025 within the same email thread in which Keolis provided information about the putative class size and timekeeping data. Mot. at 7; Class Size Email at 3. She argues the email shows Keolis had the information necessary to determine the amount in controversy by January, making removal in September untimely. <u>Id.</u> This argument relies on an incorrect reading of the law in two ways. First, to be "charge[d] . . . with notice of removability," Keolis must have "*received a paper* that [gave it] enough information to remove." <u>Kuxhausen</u>, 707 F.3d at 1141 (emphasis added); <u>see</u> 28 U.S.C. 1446(b)(3) ("[A] notice of removal may be filed within 30 days after *receipt by the defendant . . .* of an . . . other paper from which it may first be ascertained that the case is . . . removable.") (emphasis added). The email does not qualify as an "other paper" because Keolis was the sender, not the recipient. Second, Keolis' subjective knowledge does not trigger the 30-day removal deadline. <u>Roth v. CHA Hollywood Med. Ctr., L.P.</u>, 720 F.3d 1121, 1126 (9th Cir. 2013) (finding the defendant's subjective knowledge cannot start the "time limit of § 1446(b)(1) or (b)(3) . . . to run against the defendant"). And even if Keolis' response was an "other paper" under § 1446(b)(3), class size alone with no dollar amount of damages is not sufficient to make removability unequivocally clear and certain.

Because neither 30-day window under § 1446(b) was triggered by Keolis' receipt of the complaint or any other paper, Keolis could have removed "at any time." Kenny, 881 F.3d at 791. Therefore, Keolis' Notice of Removal was timely.

### IV. Conclusion

For the forgoing reasons, the Court DENIES Pace's motion to remand.

IT IS SO ORDERED.

Date: November 12, 2025

Dale S. Fischer
United States District Judge